UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WESTERN EQUIPMENT FINANCE, INC.,

       Plaintiff,

    v.

TONY R WESTON d/b/a WESTONS LAWN
SERVICE,

       Defendant.

Case No. 25-cv-01343-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Western Equipment Finance's Motion for

Summary Judgment (Doc. 22). It asks the Court to enter judgment in its favor on all three of its

claims. Defendant Tony Weston d/b/a Westons Lawn Service failed to file a substantive response

to the motion, but he did file an objection to the entry of summary judgment against him based

solely on his failure to timely respond to the motion (Doc. 30). Plaintiff filed a reply (Doc. 31).

## I.    BACKGROUND

Plaintiff alleges the following undisputed factual assertions, which the Court accepts as

true for the purposes of summary judgment.[1]

On May 18, 2018, Plaintiff, as creditor, and Defendant, as debtor, entered into a Master

Equipment Financing Agreement ("the Master Agreement"), wherein Plaintiff agreed to provide

financing for equipment for Defendant through equipment schedules, and Defendant agreed to

grant Plaintiff a security interest in certain collateral as security for Defendant's obligations.

---

[1] At the time that Plaintiff filed its motion for summary judgment, these facts were already deemed admitted because Defendant failed to respond to Plaintiff's requests for admission of fact under Federal Rule of Civil Procedure 36. *See* FED. R. CIV. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). The facts are also deemed admitted because Defendant failed to file a substantive response to Plaintiff's motion for summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995).

Pursuant to the Master Agreement, Plaintiff extended financing to Defendant through three equipment schedules: (1) Schedule No. xxxxx936 ("the First Schedule"), (2) Schedule No. xxxxx057 ("the Second Schedule), and (3) Schedule No. xxxxx743 ("the Third Schedule").

The First Schedule was entered into on March 30, 2023. Plaintiff financed Defendant's acquisition of two (2) Western 10 FT Wideout Snow Plows, one (1) Snow X Salt Spreader – 5 Yards, and two (2) Western 10 FT Skid Steer Snow Push Boxes ("the First Collateral"). Defendant agreed to make sixty consecutive monthly payments of $1,279.92, plus any applicable taxes, and granted Plaintiff a first priority security interest in the First Collateral. On March 29, 2023, Plaintiff filed a UCC-1 with the Illinois Secretary of State reflecting its security interest in the First Collateral.

The Second Schedule was entered into on April 3, 2023. Plaintiff financed Defendant's acquisition of two (2) 10' Western Wideout Snow Plows, two (2) Snow X Salt Spreaders – 5 yards, and four (4) 10' Western Skid Steer Snow Push Boxes ("the Second Collateral"). Defendant agreed to make sixty consecutive monthly payments of $2,025.42, plus any applicable taxes, and granted Plaintiff a first priority security interest in the Second Collateral. On March 29, 2023, Plaintiff filed a UCC-1 with the Illinois Secretary of State reflecting its security interest in the Second Collateral.

The Third Schedule was entered into on April 6, 2023. Plaintiff financed Defendant's acquisition of one (1) Exmark Lazer S 96 IN Mower, one (1) Exmark Radius 60 IN Mower, one (1) Exmark Z Aerate 36 24 IN, one (1) Exmark Z-Aerate 40 IN Aerator, one (1) Exmark Stand on Aerator Spreader Attachment, one (1) Exmark Lazer Z X Series 60 IN Mower, and one (1) Exmark Lazer Z X Series 72 IN Mower ("the Third Collateral"). Defendant agreed to make sixty

2

consecutive monthly payments of $2,922.18, plus any applicable taxes, and granted Plaintiff a first priority security interest in the Third Collateral. On March 31, 2023, Plaintiff filed a UCC-1 with the Illinois Secretary of State reflecting its security interest in the Third Collateral.

Plaintiff fulfilled all its obligations under the Master Agreement, First Schedule, Second Schedule, and Third Schedule (collectively "the Agreements"). Defendant failed to make timely payments under the Agreements. Failure to make timely payments is an Event of Default under the Master Agreement. Upon the occurrence of an Event of Default, Plaintiff is entitled to seek the past due and future balance owed under the Agreements, return of the First Collateral, Second Collateral, and Third Collateral (collectively "the Collateral"), repossession costs for the Collateral, prejudgment interest at the rate of 1.5% per month, and attorney's fees and costs. It is further entitled to late charges.

The balance due to Plaintiff under the Agreements, which includes the principal balance due, late charges, default fees, repossession fees, and ACH return fees, is $246,998.06. The total prejudgment interest that has accrued is $67,424.35. To collect under the Agreements, Plaintiff has incurred attorney's fees and costs of $8,692.46. Plaintiff has demanded the return of the Collateral, but Defendant has failed or refused to return it to Plaintiff. The Collateral is not subject to subject to any state tax, assessment, or fine. Plaintiff estimates that the fair market value of the Collateral is approximately $207,900.00, depending on the condition.

## II.    LEGAL STANDARD

### A.  Summary Judgment:

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material

fact and that the movant is entitled to judgment as a matter of law. *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014) (citing FED. R. CIV. P. 56); *accord Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. In assessing a summary judgment motion, the Court views the facts in the light most favorable to and draws all reasonable inferences in favor of the nonmoving party. *Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 900 (7th Cir. 2011). However, the "favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017) (quoting *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (internal quotation marks and citation omitted)).

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the nonmoving party carries the burden of proof at trial, the moving party may satisfy its burden of production in one of two ways. First, it may present evidence that affirmatively negates an essential element of the nonmoving party's case. *See* FED. R. CIV. P. 56(c)(1)(A). Second, it may point to an absence of evidence to support an essential element of the nonmoving party's case without submitting any evidence. *See* FED. R. CIV. P. 56(c)(1)(B). Where the moving party fails to meet its strict burden,

4

the Court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

B.  Choice of Law:

Plaintiff argues that North Dakota law applies to its breach of contract claim, and Illinois law governs its claims of replevin and detinue. Defendant did not file a substantive response to the motion and failed to object to Plaintiff's argued choice of law. Accordingly, Defendant has forfeited the issue. *See e.g.*, *McCleskey v. CWG Plastering, LLC*, 897 F.3d 899, 901 (7th Cir. 2018) (determining that a party forfeited the choice of law issue by failing to challenge the governing law).

III.    **ANALYSIS**

A.  Count 1 – Breach of Contract:

In North Dakota, a party asserting a breach of contract claim must prove three elements: "(1) the existence of a contract; (2) breach of the contract; and (3) damages which flow from the breach." *Three Aces Props. LLC v. United Rentals (N. Am.), Inc.*, 952 N.W.2d 64, 69 (N.D. 2020). Based on the undisputed facts, construed in the light most favorable to Defendant, Plaintiff has established all three elements. There were four contracts—the Agreements—that governed the relationship between Plaintiff and Defendant. Plaintiff fulfilled all its obligations under the Agreements. Defendant breached the Agreements by failing to make timely payments as required. As a result of the breach, Plaintiff has not received the money it is owed under the Agreements. Therefore, Plaintiff is entitled to summary judgment on its breach of contract claim.

In addition, there is no genuine dispute as to the amount of damages owed to Plaintiff.

5

The Agreements state that, upon default, Plaintiff is entitled to seek the past due and future balance owed under the Agreements, prejudgment interest at 1.5% per month, and attorney's fees and costs. Here, Defendant owes Plaintiff $246,988.06 under the Agreements, $67,424.35 in prejudgment interest, and $8,682.46 in attorney's fees and costs, for a total of $323,114.87. Plaintiff is entitled to judgment in that amount on Count 1, to be offset by any amount recovered from the disposition of the Collateral.

B.  Counts 2 and 3 – Replevin and Detinue:

Under Illinois statute, an action for replevin may be brought to seek return of property that is wrongfully detained by another. To establish a claim for replevin, a plaintiff must prove that: "(1) it is the owner of the relevant property or lawfully entitled to its possession; (2) that the property is wrongfully detained by the defendant (after the defendant has refused a demand to surrender the property); and (3) that the property is not subject to any state tax, assessment, or fine." *Firestone Fin. Corp. v. King Amusements, Inc.*, No. 12 C 04519, 2013 WL 1286665, at *7 (N.D. Ill. Mar. 28, 2013). An action for detinue in Illinois is "a common law analogue of replevin." *Firestone Fin., LLC v. WA Gym Naperville N., LLC*, No. 21 C 1183, 2022 WL 4094161, at *7 (N.D. Ill. Sept. 7, 2022). To succeed on a detinue claim, the plaintiff must show that its right to possess the property in question is superior to that of the defendant. If a plaintiff makes the required showing, it may recover the property and damages for its detention. *FirstMerit Bank, N.A. v. Micro Medics Computer*, No. 14 CV 2396, 2014 WL 4494731, at *2 (N.D. Ill. Sept. 9, 2014).

The undisputed facts, viewed in the light most favorable to Defendant, show that Plaintiff has proven both claims. The Agreements provide that, upon default, Plaintiff is entitled to the

Collateral. As such, Plaintiff has a right to possess the collateral that is superior to that of Defendant. Plaintiff has demanded the return of the Collateral, but Defendant has failed or refused to return it to Plaintiff. The Collateral is not subject to subject to any state tax, assessment, or fine. Thus, Plaintiff is entitled to summary judgment on its replevin and detinue claims. However, since replevin and detinue provide overlapping remedies, the Court will first order detinue and give Defendant an opportunity to surrender the collateral to Plaintiff. If Defendant does not surrender it, Plaintiff may seek an order of replevin.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** Plaintiff Western Equipment Finance's Motion for Summary Judgment (Doc. 22).

Plaintiff is entitled to judgment in the amount of $323,114.87 on Count 1, which consists of:

- $246,998.06 in amount owed under the Agreements;

- $67,424.35 in prejudgment interest; and

- $8,692.46 in attorney's fees and costs.

This amount is to be offset by any amount recovered from the disposition of the property listed below.

Plaintiff is further entitled to immediate possession of, and Defendant shall immediately surrender, the following property from Defendant:

- two (2) Western 10 FT Wideout Snow Plows, one (1) Snow X Salt Spreader – 5 Yards, and two (2) Western 10 FT Skid Steer Snow Push Boxes;

- two (2) 10' Western Wideout Snow Plows, two (2) Snow X Salt Spreaders – 5 yards, and four (4) 10' Western Skid Steer Snow Push Boxes; and

- one (1) Exmark Lazer S 96 IN Mower, one (1) Exmark Radius 60 IN Mower, one (1) Exmark Z Aerate 36 24 IN, one (1) Exmark Z-Aerate 40 IN Aerator, one (1) Exmark Stand on Aerator Spreader Attachment, one (1) Exmark Lazer Z X Series 60 IN Mower, and one (1) Exmark Lazer Z X Series 72 IN Mower.

Defendant shall surrender the property to Plaintiff at a place and time directed by Plaintiff within fourteen (14) days of the Court's entry of judgment. If Defendant fails to turn over the property within the prescribed time, Plaintiff may seek an order of replevin from the Court to enforce the judgment.

The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and close the case.

**IT IS SO ORDERED.**
**DATED**: **June 10, 2026**

**J. PHIL GILBERT**
**United States District Judge**